

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

| | | |
|---|---|---|
| *RACHAEL A. HONIG*<br>*Acting United States Attorney*<br><br>*DIANA VONDRA CARRIG*<br>*SARA ALIYA ALIABADI*<br>*Assistant United States Attorneys* | *CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE*<br>*401 Market Street, 4th Floor*<br>*Post Office Box 2098*<br>*Camden New Jersey 08102* | *856.757.5026*<br>*Fax: 856.968.4917*<br>*diana.carrig@usdoj.gov* |

August 6, 2021

Timothy E. Corriston, Esquire
Connell Foley
56 Livingston Avenue
Roseland, NJ 07068

Henry E. Klingeman, Esquire
Klingeman Cerimele, Attorneys
60 Park Place, Suite 1100
Newark, New Jersey 07102

Re:  Dr. Anise Kachadourian

Dear Messrs. Corriston and Klingeman:

This letter sets forth the plea agreement between your client, Dr. Anise Kachadourian, and the United States Attorney for the District of New Jersey ("this Office").

### CHARGE

Conditioned on the understandings specified below, this Office will accept a guilty plea from Dr. Anise Kachadourian to a one-count Information that charges her with the resale of prescription drugs purchased by a healthcare entity, contrary to 21 U.S.C. § 353(c)(3)(A) and in violation of 21 U.S.C. §§ 331(t) & 333(a)(2).

If Dr. Anise Kachadourian enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Dr. Anise Kachadourian for her participation in a scheme beginning in or around August 2016 and continuing through in or around April 2018, which diverted tens of millions of dollars of oncology and ophthalmology drugs from the ordinary distribution chain by fraud and deception, including by using her medical license to purchase such drugs and then immediately transferring and selling them to other entities which were not permitted to buy such drugs for further redistribution; her unauthorized sale of prescription drugs that had been previously purchased by a health care entity; and her trafficking in pre-retail medical products obtained by fraud and deception.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Dr. Anise Kachadourian agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by

Dr. Anise Kachadourian may be commenced against her, notwithstanding the expiration of the limitations period after Dr. Anise Kachadourian signs the agreement.

## SENTENCING

The violation of 21 U.S.C. §§ 331(t) & 333(a)(2) to which Dr. Anise Kachadourian agrees to plead guilty carries a statutory maximum prison sentence of 3 years and a statutory maximum fine of $10,000. Any fine imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Dr. Anise Kachadourian is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum terms of imprisonment and the maximum statutory fines. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Dr. Anise Kachadourian ultimately will receive.

Further, in addition to imposing any other penalty on Dr. Anise Kachadourian, the sentencing judge:

(1) will order Dr. Anise Kachadourian to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Dr. Anise Kachadourian to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) may order Dr. Anise Kachadourian, pursuant to 18 U.S.C. § 3555, to give notice to any victims of her offense; and

(4) pursuant to 18 U.S.C. § 3583, may require Dr. Anise Kachadourian to serve a term of supervised release of not more than 1 year, which will begin at the expiration of any term of imprisonment imposed. Should Dr. Anise Kachadourian be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Dr. Anise Kachadourian may be sentenced to not more than 1 year of imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Dr. Anise Kachadourian agrees to make full restitution for all losses resulting from the offense of conviction and from the schemes, conspiracies, or patterns of criminal activity underlying such offense.

## RIGHTS OF THIS OFFICE REGARDING SENTENCING

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Dr. Anise Kachadourian by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Dr. Anise Kachadourian's activities and relevant conduct with respect to this case.

## STIPULATIONS

This Office and Dr. Anise Kachadourian agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Dr. Anise Kachadourian from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## WAIVER OF APPEAL AND POST-SENTENCING RIGHTS

As set forth in Schedule A, this Office and Dr. Anise Kachadourian waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

No provision of this agreement shall preclude Dr. Anise Kachadourian from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Dr. Anise Kachadourian received constitutionally ineffective assistance of counsel.

## IMMIGRATION CONSEQUENCES

Dr. Anise Kachadourian understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. Dr. Anise Kachadourian understands that the immigration consequences of this plea will be imposed in a separate proceeding before the

- 3 -

immigration authorities. Dr. Anise Kachadourian wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. Dr. Anise Kachadourian understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, Dr. Anise Kachadourian waives any and all challenges to her guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

## OTHER PROVISIONS

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Dr. Anise Kachadourian. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Dr. Anise Kachadourian.

## NO OTHER PROMISES

This agreement constitutes the plea agreement between Dr. Anise Kachadourian and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
Acting United States Attorney

By: DIANA VONDRA CARRIG
SARA ALIYA ALIABADI
Assistant U.S. Attorneys

APPROVED:

MOLLY S. LORBER
Attorney-in-Charge, Camden

- 4 -

I have received this letter from my attorneys, Henry E. Klingeman, Esquire and Timothy E. Corriston, Esquire. I have read it. My attorneys and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, restitution, waiver and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____        Date:  10/21/21
DR. ANISE KACHADOURIAN

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, restitution, waiver and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____        Date:        10/31/2021
HENRY E. KLINGEMAN, ESQUIRE
TIMOTHY E. CORRISTON, ESQUIRE

- 5 -

Plea Agreement with Dr. Anise Kachadourian

Schedule A

1. This Office and Dr. Anise Kachadourian recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Dr. Anise Kachadourian nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. The applicable guideline for the violation of 21 U.S.C. § 331(t) charged in the Information is U.S.S.G. § 2N2.1 because the violation involved pharmaceutical drug products.

4. Because the offense involved fraud, the governing section of the United States Sentencing Guidelines is U.S.S.G. § 2B1.1. *See* U.S.S.G. §§ 2N2.1(c)(1), 1B1.5(a).

5. Because the defendant was not convicted of an offense specifically referenced to U.S.S.G. § 2B1.1, and the offense of conviction has a statutory maximum term of imprisonment of three years, the base offense level is 6. *See* U.S.S.G. § 2B1.1(a)(2).

6. Specific Offense Characteristic § 2B1.1(b)(1)(F) applies because: (1) the amount of loss caused by Dr. Anise Kachadourian cannot reasonably be determined; and (2) the amount of the gain attributable to Dr. Anise Kachadourian as a result of the scheme is more than $150,000 but less than $250,000. This Specific Offense Characteristic results in an increase of 10 levels.

7. Specific Offense Characteristic § 2B1.1(b)(8)(A) applies because the offense involved conduct described in 18 U.S.C. § 670, that is, the obtaining by fraud or deception of a pre-retail medical product, using any means of interstate commerce. This Specific Offense Characteristic results in an increase of 2 levels.

8. Specific Offense Characteristic § 2B1.1(b)(2)(10)(C) applies because the offense involved sophisticated means. Specifically, the defendant and her co-conspirators engaged in the unauthorized purchase and sale of millions of dollars of oncology drugs, which they then redistributed for profit outside the manufacturers' limited distribution channels. The manufacturers kept tight controls over the distribution channels for several reasons, including to ensure an adequate supply to cancer patients and also to ensure the safety and efficacy of these drugs, the majority of which were "cold-chain" infusion drugs, which required transportation and storage within certain temperature ranges. To obscure their unauthorized purchases, the defendant and her co-conspirators created false and fraudulent invoices and transaction histories and also used multiple entities, including doctor's offices, pharmacies and licensed wholesaler distributors, to transfer the drugs before ultimately selling them to their customers. This Specific Offense Characteristic results in an increase of 2 levels.

9. An upward adjustment pursuant to U.S.S.G. § 3B1.3 applies because the defendant abused a position of public and private trust and used a special skill in a manner that significantly facilitated the commission of the offense by abusing her position as a physician and

her ability to order and prescribe controlled drugs. This upward adjustment results in an increase of 2 levels.

### Acceptance of Responsibility

10. As of the date of this letter, Dr. Anise Kachadourian has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Dr. Anise Kachadourian's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

11. As of the date of this letter, Dr. Anise Kachadourian has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Dr. Anise Kachadourian's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Dr. Anise Kachadourian enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Dr. Anise Kachadourian's acceptance of responsibility has continued through the date of sentencing and Dr. Anise Kachadourian therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Dr. Anise Kachadourian's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

### Total Offense Level

12. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Dr. Anise Kachadourian is 19 (the "agreed total Guidelines offense level").

### No Other Departures/Adjustments

13. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. Dr. Anise Kachadourian reserves the right to argue for a downward variance pursuant to the factors listed in 18 U.S.C. § 3553(a) at Step 3 of the sentencing process. The Government reserves the right to oppose such argument.

### Waiver of Appeal & Collateral Attack

14. Dr. Anise Kachadourian knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 19. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 19. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the

sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

15. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.